(No. 2934—

WILSON F. CHOATE, EXECUTOR OF THE LAST WILL AND TESTAMENT OF WILLIAM E. BAUER, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 21, 1940.*

MCCARTHY & MCCARTHY, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

At the May Term, 1938 of this court an award was entered in favor of William E. Bauer for the sum of $1,829.93, payable as follows: $1,107.89 at the time of the entry of the order, and the balance of $722.04 in seventy-seven weekly payments of $9.31 each, commencing May 18th, 1938, and one final payment of $5.17. Such award was made under the provisions of the Workmen's Compensation Act of this State for disability resulting from accidental injuries sustained by said William E. Bauer which arose out of and in the course of his employment by the respondent, and embraced the following items, to-wit: temporary total incapacity for thirteen weeks, and 190 weeks' compensation for the permanent and complete loss of the use of claimant's left leg.

The said William E. Bauer died June 21, 1938, and on August 23, 1938 Wilson F. Choate was appointed Executor of the Last Will and Testament of William E. Bauer, deceased, by the Probate Court of Kane County, Illinois.

On October 8, 1938 said William F. Choate as Executor of the Last Will and Testament of William E. Bauer, deceased, filed his petition in this court setting forth that the death of said William E. Bauer occurred as the result of the injury for which compensation had theretofore been allowed as above set forth; that said William E. Bauer left him surviving John A. Sterling, his brother; Elizabeth Parsell, his sister; Mrs. Charles Tallmadge, his sister; and certain nephews and nieces, as his only heirs at law; that such heirs at law were entitled to compensation under Section 7 of the Workmen's

Compensation Act of this State; that there had been paid on the aforementioned award at the time of the filing of said petition the sum of $1,163.75; and asking that said petitioner be substituted as claimant herein, and that said petitioner be awarded additional compensation in accordance with Paragraph (g) of Section 7 of the Workmen's Compensation Act of this State.

It was stipulated by and between the parties hereto by their respective counsel that the claim of said Executor for an additional award be submitted upon the evidence as to dependency already in the record.

Section 7 of the Workmen's Compensation Act specifies the amount of compensation which should be paid for an injury resulting in death, and provides for the payment of compensation to specified beneficiaries as follows:

"a) If the employee leaves any widow, child or children, whom he was under legal obligations to support at the time of his injury," then a specified sum.

"b) If no amount is payable under paragraph (a) of this section, and the employee leaves any parent, husband, child or children who at the time of injury were totally dependent upon the earnings of the employee," then a specified sum.

"c) If no amount is payable under paragraph (a) or (b) of this section, and the employee leaves any parent or parents, child or children, who at the time of injury were partially dependent upon the earnings of the employee," then a specified sum.

"d) If no amount is payable under paragraphs (a), (b) or (c) of this section, and the employee leaves any grand-parent, grand-child or grand-children, or collateral heirs dependent at the time of the injury to the employee upon his earnings to the extent of fifty percentum or more of total dependency," then a specified sum.

"e) If no amount is payable under paragraphs (a), (b), (c), or (d) of this section, a sum not to exceed $150.00 for burial expenses," etc.

The rights of the petitioner, if any, arise under and must be determined by the provisions of the Workmen's Compensation Act of this State. Section 7 of such Act is the section which provides for the amount of compensation to be paid for an injury resulting in death, and the beneficiaries entitled to compensation must be determined in accordance with the aforementioned provisions of Paragraphs (a), (b), (c), (d) and (e) of said section.

Under the facts set forth in the petition, the said William E. Bauer left only collateral heirs, and consequently petitioner's right to an award must be determined in accordance with the provisions of Paragraph (d) of said Section 7. Such

paragraph, however, provides for compensation only when such collateral heirs are "dependent at the time of the injury to the employee upon his earnings to the extent of fifty per-centum or more of total dependency".

The only evidence in the record referring to the question of dependency is the testimony of William E. Bauer who, at a hearing held on March 1, 1938, stated that he had lived at the Elgin State Hospital ever since the accident in question, and who in reply to questions asked him, answered as follows:

"Q. You have made this your home ever since employed here?

"A. It is the only home I've got.

"Q. You had no children under the age of 16 years at the time of the injury?

"A. No, no family."

There is no testimony whatsoever as to any contributions having been made by said William E. Bauer to any of his relatives or with reference to dependency of any such relatives upon him. Under the provisions of said Paragraph (d), no award can be made unless the collateral heirs of said William E. Bauer were dependent at the time of his injury upon his earnings to the extent of fifty per cent or more of total dependency, and the burden is upon the petitioner, or such heirs, to show such dependency. Upon the record before us we have no authority to allow an award under said paragraph, and there is nothing in such record which would authorize an award under any other paragraph of said section.

The petitioner in his petition bases his right of recovery on Paragraph (g) of said Section 7, which provides as follows:

"(g). The compensation to be paid for injury which results in death, as provided in this section, shall be paid to the persons who form the basis for determining the amount of compensation to be paid by the employer, the respective shares to be in the proportion of their respective dependency at the time of the injury on the earnings of the deceased: Provided," etc., etc.

This paragraph merely specifies the manner of payment, provided there are beneficiaries entitled to payment under the provisions of Paragraphs (a), (b), (c) or (d).

In considering this section, Angerstein in "The Employer and the Workmen's Compensation Act of Illinois," page 464, section 247, says:

"It is to be noted particularly that under the provisions of Paragraph (g) of Section 7, that compensation shall be paid to the persons who formed the basis for determining the amount of compensation to be paid by the employer. In other words, compensation is to be paid direct to the bene-

ficiaries or to such persons as the Commission orders or awards, and payments should be made in accordance therewith. * * * As the law is now effective, the Act requires payment to be made to the beneficiaries, except that upon order of the Commission a child's compensation may be paid to the parent or grand-parent. A payment to the personal representative, that is, to the administrator or executor of the deceased employee, is not provided for or contemplated except where the persons entitled to compensation live outside of the United States."

Under the provisions of said paragraph, if any compensation were payable it would have to be paid directly to the beneficiaries specified in said Section 7, and no award could be made to the Executor. However, under the record before us, and as previously stated, we have no authority to enter an award even if the heirs of the deceased employee and not his executor had made application therefor.

For the reasons above set forth, the prayer of the petition must be denied. Award denied. Petition dismissed.

Inasmuch as the original claimant has departed this life, and the record discloses no right either on the part of the executor of his estate, or on the part of the heirs of said original claimant, to the unpaid balance of the original award, It Is Further Ordered that no further payments be made pursuant to the award so made to said William E. Bauer at the May Term, 1938, of this court, as aforesaid.